**Judith BANACKY, Plaintiff—Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA, Defendant—Appellee.**

No. 03–57008.

D.C. No. CV–03–00446–CJC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided March 18, 2005.

Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff–Appellant.

Otis D. Wright, II, Robert M. Young, Jr., Vernon Fagin, Wilson, Elser, Moskowitz & Dicker, Los Angeles, CA, Ronald K. Alberts, Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Defendant–Appellee.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Appellee Prudential denied Judith Banacky's claims for benefits under an ERISA disability plan ("Plan"). Because the Plan does not grant discretionary authority in the plan administrator to construe the Plan or determine eligibility, Prudential's decision to terminate benefits is reviewed *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 114–15, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir.1999) (en banc). The district court conducted a bench trial and affirmed Prudential's denial of benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's findings of fact for clear error. Fed. R. Civ. Pr. 52(a). "Clear error review also applies to the

results of 'essentially factual' inquiries applying the law to the facts." *Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 384 (9th Cir.1994). The district court's conclusions of law are reviewed *de novo. Id.* at 385.

Two claims for disability benefits are at issue.

### A

Having ceased full-time employment in January 1995, Banacky was paid rehabilitation benefits under the disability plan from August 1995 through July 1997 while working only part-time. The plan administrator terminated the claim effective August 1, 1997, when a more restrictive standard of disability came into effect, which allows for benefits only if the policyholder is "not able to perform ... the material and substantial duties *of any job* for which [the policyholder is] reasonably fitted by [the policyholder's] education, training, or experience." The district court, after conducting a *de novo* review of the evidence, upheld Prudential's termination of benefits effective August 1997, agreeing that Banacky "was not totally disabled from performing 'any job' full time."

We hold that the district court was not required to consider vocational evidence in rendering this conclusion, *McKenzie v. Gen. Tel. Co. of Cal.*, 41 F.3d 1310, 1317 (9th Cir.1994), and conclude that the district court did not clearly err when it determined that Banacky was not totally disabled under the Plan. *See Deegan v. Cont'l Ins. Co.*, 167 F.3d 502, 508 (9th Cir.1999) (articulating the standard of review for determinations of "total disability" under an ERISA plan).

### B

Banacky continued to work part-time at the bank until April 1998. In December 1999, Banacky submitted a *second* long-term disability claim, seeking benefits retroactive to April 1998. The plan administrator denied this claim, reasoning that as a mere part-time employee, and having ceased full-time employment ever since January 1995, Banacky was no longer covered under the Plan. The district court agreed, holding that Banacky was not eligible for coverage at all, because she never returned to work on a full-time basis. We agree.

In interpreting an ERISA plan, we will not create an artificial ambiguity to expand coverage beyond the express, plain language of the plan. *See Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 840 (9th Cir.1995). The Plan unambiguously provides that coverage is available only if one is "a full-time Employee of the Employer." It is undisputed that Banacky's days as a full-time employee ended when she surrendered full-time status in January 1995. Moreover, the Plan expressly warns that "[i]f you stop active full-time work for any reason, you should contact the Employer at once to determine what arrangements, if any, have been made to continue any of your insurance."

Banacky's disability ended effective August 1997, and she did not return to full-time work. The Plan's limitation of coverage to only full-time employees compels the conclusion that Banacky's coverage ended effective August 1997.

The provision that provides for "Separate Periods of Total Disability [to be] Treated as One" does not generate coverage for an individual who is not covered in the first instance. To hold otherwise would extend coverage to virtually any former full-time employee, no matter how long ago the employee stopped full-time work, who once, while employed, successfully collected on a related disability claim. Rather, the provision applies to those cov-

ered individuals who experience a second period of disability and allows those individuals under certain circumstances to begin collecting benefits immediately (avoiding what the Plan calls an "Elimination Period").

Banacky's coverage lapsed. Her second claim, too, was properly denied.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.